IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JERRY D. HARTLESS | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-75 |
| STATE OF TEXAS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jerry D. Hartless, an inmate confined at the Pack Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1]

The Petition was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner challenges a judgment entered in the 145th District Court of Nacogdoches County, Texas. In 2005, Petitioner was convicted of murder and was sentenced to sixty years of imprisonment. This is the third federal petition that Petitioner has filed challenging the conviction. Petitioner's first petition was denied on May 17, 2010. *Hartless v. Director*, No. 9:09-CV-4 (E.D. Tex. May 17, 2010). On appeal, the United States Court of Appeals for the Fifth Circuit denied Petitioner a certificate of appealability. The second federal petition was dismissed as a successive petition, filed without authorization from the Fifth Circuit. *Hartless v. Director*, No. 9:11-CV-197

---

[1] Petitioner originally filed this Petition as a Petition for Writ of Mandamus in the United States District Court for the Southern District of Texas. Because the Petition challenged the validity of a state court conviction, it was construed as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and transferred to the Eastern District of Texas.

(E.D. Tex. Jan. 23, 2012). Petitioner appealed the judgment, and the Fifth Circuit denied Petitioner a certificate of appealability.

Title 28 U.S.C. § 2244(b) requires individuals who wish to file a second or successive habeas corpus petition under § 2254 to obtain authorization from the appropriate appellate court before filing a petition. 28 U.S.C. § 2244(b)(3). There is no question that this is a successive petition. However, Petitioner failed to provide this court with an order from the Fifth Circuit authorizing consideration of a successive petition. As a result, the Petition should be dismissed without prejudice to Petitioner's ability to re-file it if he obtains the necessary order from the Fifth Circuit.

## Recommendation

This Petition for Writ of Habeas Corpus should be dismissed without prejudice as a successive petition, filed without authorization from the United States Court of Appeals for the Fifth Circuit.

## Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by

the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 9th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE